IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                          CRIMINAL NO. 1:06cr12WJG-RHW-1

KENNETH SPARROW

O R D E R

THIS CAUSE is before the Court on motion [33] of the Defendant, Kenneth Sparrow, for reconsideration of the order denying sentence reduction , (Ct. R., Doc. 32), pursuant to 18 U.S.C. § 3582(c)(2) based upon recent amendments to the sentencing guidelines applicable to offenses involving cocaine base, and the subsequent decision by the United States Sentencing Commission [Sentencing Commission] to make this amendment retroactive, pursuant to United States Sentencing Guideline § 1B1.10 effective March 3, 2008.

Sparrow contends that the Court erred in denying his motion to reduce his sentence because the denial was based on a non-conclusive drug amount attributed to him by the Court. (Ct. R., Doc. 33, p. 1.)  He claims that the drug amount was not submitted to a jury, was not based on the indictment and that under *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are no longer mandatory.  (*Id*., p. 4.)  He contends that Amendment 706 to the United States Sentencing Guidelines [USSG] mandates that a lesser sentence applies in his case. (*Id*.)

*Booker* did not address resentencings under section 3582.  The statute which provides the Court with jurisdiction to adjust the Defendant's sentence specifically limits the Court's authority

to a reduction "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In addition, the Court has discretion to determine a reasonable and appropriate sentence under the amendment, based on an individualized assessment of the facts presented in each case and the factors outlined in 18 U.S.C. § 3553(a). Nothing in section 3582(c) gives the Court discretion to depart from USSG § 1B1.10 when determining the proper sentence under section 3582(c).

To the extent Defendant's challenge is a challenge to the misapplication of the USSG, it is not cognizable on collateral review. *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999). In addition, Defendant's *Booker* claims – that facts not decided by a jury were used in sentencing a defendant – are not cognizable on collateral review. *In re Elwood,* 408 F.3d 211, 212 (5th Cir. 2005). Based on the foregoing, the Court finds that Defendant's motion for reconsideration should be denied. It is therefore ,

ORDERED that Defendant Kenneth Sparrow's motion [33] for reconsideration of the Court's order denying a reduction of his sentence be, and is hereby, denied. It is further,

ORDERED that all terms and provisions of the original order denying a sentence reduction under section 3582(c)(2), (Ct. R., Doc. 32), remain unchanged and in full force and effect.

SO ORDERED this the 16th day of September, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE