IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                          CRIMINAL NO. 1:06cr12WJG-1

KENNETH SPARROW

O R D E R

THIS CAUSE comes before the Court on the motion [34] of the Defendant, Kenneth Sparrow, for the return of property based on inadequate notice of forfeiture, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Defendant claims that he was not properly noticed of the forfeiture of $7,445.00 in currency seized from his residence at 4619 Gautier Street in Moss Point, Mississippi, on February 9, 2006. (Ct. R., Doc. 34, pp. 1-2.) He contends that he has maintained "from the beginning of these proceedings" that the currency seized was an accumulation of wages earned while he worked for the City of Pascagoula and proceeds from the sale of several automobiles. (*Id.*, Exh. A.) In a letter (referenced as "Contest of Forfeiture") written by Defendant's counsel on March 23, 2006, to the Asset Forfeiture Section of the Drug Enforcement Operations, [DEA], and signed by counsel, Shandra Sparrow, (presumably a relative of Defendant), and Defendant, Defendant claims an interest in the United States Currency seized by the DEA on February 9, 2006. (*Id.*) Defendant avers that the $5,004.00 found in his pants pocket was from the sale of an automobile; the $2,000.00 found in the entertainment center was proceeds from the sale of automobiles; and the $441.00 found in his wallet was from wages earned. (*Id.*)

The United States contends that a notice of administrative forfeiture was sent to Defendant at three separate addresses: (1) to Shaddock, his attorney; (2) to Defendant's residence at 4619 Gautier Street in Moss Point; and to Defendant at the Forrest County Jail. (Ct. R., Doc. 36, Exh. A.) A declaration of forfeiture was issued on June 13, 2006. (*Id.*, Exh. B.) The claim referenced by Defendant in his motion was insufficient, according to the United States, and an explanation of the notice deficiency was provided as well as instructions regarding the method to cure the deficiency. (*Id.*) The United States asserts that the currency Defendant seeks to recover was part of a civil declaration of forfeiture and was included in the forfeiture of $8,489.00 pursuant to 9 U.S.C. § 1607(a). (Ct. R., Doc. 36, p. 3.) The United States indicates that a civil declaration of forfeiture has the same force and effect as a final decree and order of forfeiture under 19 U.S.C. § 1609. (*Id.*) Accordingly, the United States asserts that a district court does not have jurisdiction under Rule 41(g) to return property previously administratively forfeited. (*Id.*)

According to the United States, the exclusive remedy for judicially challenging administrative forfeiture is 18 U.S.C. § 983, which provides that a person who contests a forfeiture because that person did not receive notice may file a motion to set aside the declaration of forfeiture. (*Id.*, p. 4.) Defendant was noticed at three separate addresses that the property was seized, and that the DEA intended to forfeit the property; thus Defendant's due process claim must fail, according to the United States. (*Id.*)

Defendant claims he responded to the notice of deficiency by sworn statement of oath dated March 27, 2006. (Ct. R., Doc. 37, Exh. A.) He also claims that he never received a response to his notice that he intended to contest the forfeiture. (*Id.*, Exh. B.) Finally, he claims

that the signature on the claim for receipt is not his, as evidenced by his signature on the Memorandum of Understanding. (*Id.*, Exh. C.)

"Once an administrative forfeiture is complete, a district court may review only whether the forfeiture comported with constitutional due process guarantees." *United States v. Robinson*, 434 F.3d 357, 361 (5th Cir. 2005). Due process requires that a party having an interest in forfeited funds be sent notice that is "reasonably calculated to apprise interested parties of the pendency of the forfeiture action and afford them an opportunity to present their objections." Actual notice is not required. *Dusenbery v. United States*, 534 U.S. 161, 170 (2002).

Here, the record contains evidence that notice of the administrative forfeiture of $8,849.00 in United States currency was sent to Defendant's attorney of record, George Shaddock, to Defendant's home address, and to the jail where Defendant was housed. (Ct. R., Doc. 36-2, pp. 7-16.) There is also evidence that the notice was received at these locations. (*Id.*) In addition, Defendant acknowledges that a claim was sent on his behalf for the forfeited funds, following receipt of that notice. (Ct. R., Doc. 34, p. 4 and its Exh. A.) The Court finds that due process was not violated in this case. The Court, therefore, finds that Defendant's motion for return of property based on inadequate notice of forfeiture in violation of his right to due process should be denied. It is therefore,

ORDERED that Defendant's motion [34] for return of property be, and is hereby, denied.

SO ORDERED this the 4th day of March, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE