IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS
CRIMINAL NO. 1:06cr12WJG-RHW
CIVIL ACTION NO. 1:09cv16WJG

KENNETH SPARROW

O R D E R

THIS CAUSE comes before the Court on Defendant Kenneth Sparrow's motion [43] to vacate, set aside or correct his previously imposed sentence pursuant to 28 U.S.C. § 2255. The petition filed January 7, 2009, contends that his counsel, George S. Shaddock, was ineffective for allegedly providing bad advice regarding the potential sentence faced in this case, and claims that Sparrow was coerced in this case.

Sparrow further contends that the motion was untimely filed because of excusable neglect on the part of the United States. (Ct. R., Doc. 44, p. 1.) Sparrow claims that the United States advised him not to file his *habeas* petition because the United States intended to file a motion under Federal Rule of Criminal Procedure 35(b) on his behalf. (*Id*., p. 2.) Sparrow asserts that the United States failed to fulfill its promise, indicating that he was told that the Rule 35 motion would not be granted by the Court should he file a *habeas* petition. (*Id*.)

Sparrow was charged in a four-count Indictment on March 8, 2006, and in the superceding indictment on August 23, 2006. (Ct. R., Doc. 8.) This indictment charged Sparrow with conspiracy to possess with intent to distribute a controlled substance, that is 100 kilograms

or more of a mixture containing marijuana and less than 500 grams of a mixture containing a detectable amount of cocaine hydrochloride; in count two with possession with intent to distribute less than 500 grams of cocaine hydrochloride; in count three with attempt to possess with intent to distribute less than 50 grams of mixture containing marijuana and in count four with forfeiture, all in violation of 21 U.S.C. §§ 841(a)(1), 846 and 853.  (*Id.*)  A five-count Superseding Indictment was filed on August 23, 2009.  (Ct. R., Doc. 18.)

Sparrow entered into a Plea Agreement pleading guilty to count two of the original Indictment on December 4, 2006.  (Ct. R., Doc. 23.)  His sentencing hearing occurred on March 14, 2007, and the Judgment on this case became final on March 24, 2007.  (Ct. R., Doc. 25)  Sparrow was sentenced to a period of 210 months of confinement in the Bureau of Prisons, and the remaining counts of the original Indictment as well as all counts of the Superseding Indictment were dismissed on motion of the United States.  (Ct. R., Doc. 25, p. 1.)

I.   <u>Waiver</u>

The Supreme Court has held that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."  *Brady v. United States*, 397 U.S. 742, 748 (1970).  Thus, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged.  As long as [the defendant] 'understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'"  *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982), *cert. denied*, 459 U.S. 867 (1982) (quoting *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981)); *Dunlap v. United States,* 462 F.2d 163 (5th

Cir. 1972).

Sparrow does not contend that his plea of guilty was not knowingly and voluntarily entered. (Ct. R., Doc. 50.) Moreover, the Plea Agreement outlines the maximum sentence that Sparrow could have received, which is not more than 20 years in prison and a term of supervised release of at least 5 years with a fine of up to $1,000,000. (Ct. R., Doc. 23 ¶ 4.)

A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. *United States v. Robinson,* 187 F.3d 516, 517 (5th Cir. 1999). Here, Sparrow does not allege, and there is no indication in the record, that his ratification of the plea agreement was anything but voluntary. Because he indicated that he read and understood the agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary. *See United States v. Bond*, 414 F.3d 542, 545-6 (5th Cir. 2005). As such, the Court finds Sparrow's waiver of the right to post-conviction relief serves to bar the present claims. In the alternative, if the allegations contained in the petition are such that the waiver does not bar his claim to post-conviction relief, the Court will address Sparrow's allegations.

II.     Timeliness of *Habeas* Petition

Under 28 U.S.C. § 2255, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the one-year statute of limitations shall run from the latest of –

(1) the date on which the judgment of conviction becomes final.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could

have been discovered through the exercise of due diligence.

"[A] conviction becomes final when a defendant's options for further direct review are foreclosed, whether or not those options have been pursued." *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000). This would include time to seeking *certiorari* at the United States Supreme Court, regardless of whether such a petition is filed. *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000). Judgment was entered in this case on March 14, 2007. (Ct. R., Doc. 25.) As there was no appeal filed with the Fifth Circuit Court of Appeals, nor was a petition for writ of *certiorari* filed with the United States Supreme Court, the instant petition should have been filed by no later than March 15, 2008, to be considered timely under the AEDPA. *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000). Instead, Sparrow waited nearly a year beyond that date – January 7, 2009 – before filing his petition.

The limitations period for filing a motion is subject to equitable tolling under certain "rare and exceptional cases." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), *cert. denied* 539 U.S. 952 (2003). Sparrow claims that he did not file his petition because the United States and his attorney warned him not to file the petition. (Ct. R., Doc. 44, pp. 2-3.) Sparrow was questioned about whether there were any side agreements, promises or threats made and Sparrow did not outline any such information. (Ct. R., Doc. 45.) Absent evidence to rebut Sparrow's statements in open court, any claims about a side agreement or promise lack merit. *Alvarez v. United States*, 427 F.2d 1150, 1152 (5th Cir. 1970).

Without evidence in the record, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 10011-12 (5th Cir. 1983). Accordingly, the Court finds that Sparrow had ample time to

request an extension on filing his 2255 petition and to contemplate his reasons for vacating his sentence and timely file his petition. *See Felder v. Johnson*, 204 F.3d 168, 170-2 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035. Sparrow offers no substantiated reasons for the delay in filing his motion until well beyond the one-year limitation period, and the Court finds that the petition is untimely. In the alternative, the Court will address Sparrow's claims of ineffective assistance of counsel.

III. <u>Ineffective Assistance of Counsel</u>

Sparrow's claim of ineffective assistance of counsel can be proven by showing: (1) that Shaddock's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995). In circumstances involving a defendant's guilty plea, the prejudice requirement under *Strickland* "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). In other words, Sparrow "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

A petitioner must affirmatively prove prejudice. *Earhart v. Johnson*, 132 F.3d 1062,1066 (5th Cir. 1998). Self serving conclusional statements that the outcome would have been different "fall far short of satisfying Strickland's prejudice element." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001). Allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999).

In addition, "[a] voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant . . . includ[ing] claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary."

*United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied* 531 U.S. 919. Sparrow claims that Shaddock was ineffective for misinforming him about the possible sentence he would receive as a result of his guilty plea. (Ct. R., Doc. 44, p. 4.)

A defendant has the burden of proving that he is entitled to *habeas* relief on the ground that his guilty plea was involuntary. Here, Sparrow testified in open court that his plea was voluntary, that he understood the possible range of sentences, and that his lawyer had made no representations regarding his sentence. Such testimony "carries a strong presumption of verity." *United States v. Smith*, 844 F.2d 203, 208 (5th Cir. 1988). The Court finds no merit in Sparrow's claim regarding any advice he may have received in regard to a possible sentence in this case.

The Court finds no merit to Sparrow's claim of ineffective assistance of counsel and further finds no reason to conclude that "but for" Shaddock's performance and advice Sparrow was convicted of a crime for which he had no involvement. The Court concludes that Sparrow fails to meet the *Strickland* requirements in this claim, and has not shown that Shaddock's performance was deficient. Consequently, the court finds no grounds for granting *habeas* relief on Sparrow's claims. It is therefore,

ORDERED AND ADJUDGED that Sparrow's motion to vacate [43] the previously imposed sentence be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that this cause be dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 7th day of October, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE